UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM MURRY PORTER,<br><br>                    Petitioner,<br><br>     v.<br><br>JAMES KEY,<br><br>                    Respondent. | NO: 2:20-CV-206-TOR<br><br>ORDER DISMISSING PETITION WITH PREJUDICE |

By Order filed June 29, 2020, the Court directed Petitioner to show cause why his *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 should not be dismissed as time-barred under 28 U.S.C. § 2244(d). ECF No. 3. Petitioner submitted a timely response. ECF No. 4. Petitioner, a prisoner at the Airway Heights Corrections Center is proceeding *pro se* and has paid the $5.00 filing fee.

Petitioner contends he was unaware that his 90-month determinate sentence had been amended in 2003, until he discovered the order amending his sentence in

ORDER DISMISSING PETITION WITH PREJUDICE -- 1

his central file in the late summer of 2009.  ECF No. 4 at 1.  Petitioner argues that the state failed to notify him of the hearing or the amendment, he did not attend the April 28, 2003 hearing and his court appointed counsel did not notify him of the hearing or the amendment.  *Id.*  Petitioner asserts that he filed his first Personal Restraint Petition on September 30, 2009 and diligently pursued his rights by filing a total of five state court petitions before he received a certificate of finality on June 18, 2019.  *Id.* at 2.  This federal habeas corpus petition followed almost a year later on June 15, 2020.  *Id.* at 3.

These assertions fail to demonstrate either a statutory or an equitable basis to toll the running of the federal limitations period under 28 U.S.C. § 2244(d).  As noted in the previous order, the Washington State appellate courts found Petitioner's submissions untimely and the Washington State Supreme Court denied his Motion for Discretionary Review in April 2019.  ECF No. 3 at 2-3.

It is the decision of the state appellate court, rather than the ministerial act of entry of the mandate, or in this case the certificate of finality, that signals the conclusion of review.  *See Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001).  Furthermore, because the state courts determined Petitioner's submissions were untimely, they could not statutorily toll the running of the federal limitations period.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's [state] petition as untimely, it was not 'properly filed,' and

he is not entitled to statutory tolling under § 2244(d)(2)."); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (An application for state post-conviction relief does not toll the statute of limitations if the petitioner files it after the statute of limitations has expired.).

Although granted the opportunity to do so, Petitioner offers nothing more than self-serving and unsupported assertions of diligence to toll the federal limitations period. The Court finds that Petitioner is not entitled to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Therefore, **IT IS ORDERED** that the Petition, ECF No. 1, is **DISMISSED with prejudice** as untimely under 28 U.S.C. § 2244(d).

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Petitioner, and close the file. The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

**DATED** July 27, 2020.



THOMAS O. RICE
United States District Judge